Henry F. Weydert, Appellee, v. City of Chicago et al., Appellants.
Michael Moon, Appellee, v. City of Chicago et al., Appellants.

Gen. Nos. 22,401, 22,402.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed October 30, 1916.

### Statement of the Case.

Petition for mandamus by Henry F. Weydert, petitioner, against the City of Chicago, William Hale Thompson, mayor, Thomas O'Connor, fire marshal, and Percy B. Coffin, Charles E. Frazier and Joseph P. Geary, civil service commissioners, respondents, and a similar petition by Michael Moon, petitioner, against the same respondents, both in the Circuit Court of Cook county, both praying to be reinstated in the office of captain in the fire department of the respondent city. From judgments awarding the writ in each case as prayed, respondents appeal.

The two causes were consolidated for hearing on one set of briefs on motion of respondents. The cases are similar with the exception of the dates of the occurences alleged, which affect neither the rights of parties or the rulings of either court.

Each petitioner after rising to the rank of captain in the fire department was retired on a pension for disability, and, subsequently recovering, each was restored to his rank, and subsequently discharged by the fire marshal.

SAMUEL A. ETTELSON, for appellants; ROY S. GASKILL, of counsel.

BAUER & DONOGHUE, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. MANDAMUS, § 139*—*what prayers for relief cannot be combined in petition.* A petition for mandamus praying for dual relief, such as the restoration of a member of the fire department of a city and for an award of salary, is obnoxious to a general demurrer, since prayers for such relief cannot be combined in such a petition.

2. CIVIL SERVICE, § 30*—*what does not give discharged employee additional claim to reinstatement.* In a petition for mandamus by a former captain in the fire department of a city, where it appears that after being retired for disability petitioner was restored to his rank and afterwards discharged, the fact that petitioner was a pensioner while suffering the disability contracted in the service gives him no additional claim to reinstatement either in office or on the pension roll after discharge.

3. CIVIL SERVICE, § 10*—*what employees may be discharged without trial.* Captains of the fire department of a city who are not civil service employees may be discharged at any time without charges or a trial before the Civil Service Board.

4. CIVIL SERVICE, § 27*—*when petition for mandamus for reinstatement insufficient.* A petition for mandamus seeking reinstatement in office which fails to plead the ordinance creating the office is obnoxious to demurrer, since unless it is first established that the office sought exists either by statute or ordinance, the party seeking it has no standing in a court of law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.